IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-01205-LTB-BNB

KRISTEN M. VERDIN,

    Plaintiff,

v.

The United States of America,
Kevin K. Murray, M.D., Kristin Lynn Kruse, SCFM, M.D.,
Marian H. Ascarelli, M.D., Steven R. Hughes, M.D.,
City of Colorado Springs,

    Defendants.

## ~~(PROPOSED)~~ CONFIDENTIALITY AND PROTECTIVE ORDER

The Court having received and approved the Stipulation Re: Confidentiality and Protective Order submitted on behalf of Plaintiff and the Defendant, City of Colorado Springs, regarding the Emergency Services Agreement (subject of the Motion to Quash dated May 28, 2008) and the Employment Agreement Re: Defendant, Marian Ascarelli, M.D. (subject of Plaintiff's Motion to Compel dated June 13, 2008, finds and orders as follows:

The parties in the above-captioned matter, and their respective counsel (as well as Plaintiff's expert, Arthur Shorr, Ph.D.), shall be bound by this Protective Order with respect to certain contracts between the Defendant City of Colorado Springs, by and through its enterprise, Memorial Hospital and/or Memorial Health Systems, including the Emergency Services Agreement which is the subject of the pending Subpoena Duces

1



EXHIBIT A

Tecum issued by the Plaintiff herein and a Motion to Quash said Subpoena Duces Tecum filed on behalf of the Defendant City of Colorado Springs and the Employment Agreement relating to Defendant Marian Ascarelli, M.D. ("the agreements").

The agreements produced by the Defendant shall be treated as and designated as confidential and, accordingly, the use thereof shall be expressly limited to this action and, only this action. As such, upon conclusion of this litigation, counsel for Plaintiff shall destroy its copy of the agreements and shall notify counsel for this Defendant that such destruction has occurred.

Furthermore, the copies of said agreements disclosed to counsel for Plaintiff shall not be disclosed to any third party with the exception of Plaintiff's expert witness, Arthur Shorr, Ph.D. Counsel for Plaintiff shall advise Dr. Shorr of this Protective Order and, prior to providing a copy of the agreements to Dr. Shorr, Plaintiff counsel must receive Dr. Shorr's acknowledgement of this Protective Order in writing indicating his agreement to destroy his copies of the agreements upon the completion of this litigation.

It is anticipated that copies of said agreements will be disclosed to counsel for the other defendant parties to this action along with a copy of this Court's Protective Order and, upon acknowledgement by such counsel that they will be bound by this Order, each will receive a copy of the subject agreement.

It is acknowledged that copies of the said agreements may necessarily be utilized at a trial of this matter and any appeal therefrom but that, in such event, the subject agreement will be treated as "confidential" information in accordance with this

2

Protective Order. Similarly, in the event that the contents of this agreement are utilized or elicited at a deposition, the related portions of such deposition transcripts will be treated as confidential information in accordance with this Protective Order. The parties shall work together to collectively seek leave of the Court for purposes of effectuating a method acceptable to the Court for the utilization of any and all materials to which this Protective Order pertains at such trial or hearing.

ORDERED this 26th day of June, 2008.

_____
United States District Court